IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
TINA M. CHANDLER,               )
        Plaintiff,              )  No. 06-2082 (EGS)
                                )
v.                              )
                                )
BEN S. BERNANKE,                )
CHAIRMAN OF THE BOARD           )
OF GOVERNORS OF THE             )
FEDERAL RESERVE SYSTEM,         )
        Defendant.              )
_____)

## ANSWER

1. Admitted.

2. Admitted.

3. Admitted that plaintiff filed a formal administrative complaint of discrimination, which was dismissed by a Final Agency Decision dated September 8, 2006. The remaining allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admitted that defendant is located in Washington, D.C. with a work force of approximately 2000. The remaining allegations contained in paragraph 4 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Denied.

7. Admitted.

8.  Denied.

9.  Admitted.

10. Admitted.

11. Admitted.

12. The complaint does not contain a paragraph designated as "12."

13. Denied.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted that Earl Hamilton left the Board; otherwise denied.

18. Denied.

19. Admitted that Jack Dennis retired from the Board; otherwise denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted

24. Admitted.

25. Admitted that Louise Roseman as Director of RBOPS assigned plaintiff a rating of "Commendable" on plaintiff's 2000 performance evaluation.

26. Admitted.

27. Denied.

28. Denied.

29. Admitted.

30. Denied. By way of further response, this allegation is barred by the terms of a settlement agreement entered into by plaintiff and the Board.

31. Denied. By way of further response, this allegation is barred by the terms of a settlement agreement entered into by plaintiff and the Board.

32. Denied. By way of further response, this allegation is barred by the terms of a settlement agreement entered into by plaintiff and the Board.

33. Denied. By way of further response, this allegation is barred by the terms of a settlement agreement entered into by plaintiff and the Board.

34. Denied. By way of further response, this allegation is barred by the terms of a settlement agreement entered into by plaintiff and the Board.

35. Admitted.

36. Admitted.

37. Admitted.

38. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Denied.

40. Admitted.

41. Admitted.

42. Admitted that plaintiff was not promoted in 2001, 2002, or 2003; otherwise denied.

43. Denied.

44. Admitted.

45. Admitted that the Assistant Director position occupied by Jack Dennis and then Bud

Martindale remained vacant from the time Martindale left in 2004 until June 2006.

46. Admitted that plaintiff reported to Paul Bettge from June 2004 until June 2006.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted that from June 2004 through June 2006 Mr. Bettge was responsible for evaluating plaintiff's performance and sought input from Jeannine Szostek and Jo Chang.

52. Denied.

53. Denied.

54. Denied.

51. The allegations contained in the second paragraph designated as "51" are denied.

52. The allegations contained in the second paragraph designated as "52" are denied.

53. The allegations contained in the second paragraph designated as "53" are denied.

54. Admitted as to the allegation in the second paragraph designated as "54" that Jo Chang would encourage plaintiff to return to school and look for other opportunities; otherwise denied.

55. Denied.

56. Admitted that in the fall of 2005 plaintiff submitted a request for a promotion and that no action was taken on her request.

57. Denied.

58. Denied.

59. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. Denied.

61. Admitted.

62. Denied.

63. Admitted.

64. Denied.

65. Admitted.

66. Denied.

67. Denied.

68. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 68.

69. Admitted.

70. Denied.

71. Denied.

72. Denied.

73. Admitted.

74. Denied.

75. Admitted.

76. Admitted that RBOPS underwent a reorganization; denied that the reorganization of RBOPS was related to the investigation conducted by Greaux & Associates.

77. Admitted that Jeannine Szostek changed sections; denied that the move was related to the investigation conducted by Greaux & Associates.

78. Admitted that after filing her second EEO complaint plaintiff initially stayed on the job; otherwise denied.

79. Denied.

80. Denied.

81. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 81.

82. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 82.

83. Denied.

84. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in the first sentence of paragraph 84. The second sentence is denied.

85. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 85.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied.

91. Denied.

92. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 92.

93. Admitted that plaintiff went to the EEO office and informed them of her perception of what occurred when Jo Chang offered plaintiff some gummy bear candy.

94. Denied.

95. Admitted that plaintiff called Greg Evans and left a voice mail message regarding her perception of what occurred when Jo Chang offered plaintiff some gummy bear candy.

96. Denied.

97. Denied.

98. Admitted.

99. The first sentence of paragraph 99 is admitted. The allegations contained in the second sentence of paragraph 99 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. Admitted.

101. Admitted.

102. Admitted that attached to the October 18, 2006, letter from Christine Fields to plaintiff was a letter dated October 3, 2006, from Dr. Carol Kleinman to Christine M. Fields; otherwise the document speaks for itself.

103. Admitted that also attached to the October 18, letter from Christine Fields to plaintiff was a letter dated October 16, 2006, from Dr. Kleinman to Christine Fields; otherwise the document speaks for itself.

104. Admitted that there was a letter dated October 3, 2006, from Dr. Kleinman to Christine Fields; otherwise the document speaks for itself.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied

110. Defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 110.

111. Denied that Dr. Curiel prescribed continuous leave or that plaintiff suffered a medical condition as a result of harassment or a hostile work environment; otherwise defendant is without knowledge and information sufficient to form a belief as to truth of the allegations contained in paragraph 111.

112. Defendant repleads the responses made above to paragraphs 1-111.

113. Admitted.

114. Denied

115. Denied

116. Denied.

117. Defendant repleads the responses made above to paragraphs 1-116.

118. Admitted.

119. Denied.

120. Denied.

121. Denied.

122. Defendant repleads the responses made above to paragraphs 1-121.

123. Admitted.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Admitted.

129. Admitted.

130.  Denied.

131.  Denied.

132.  Admitted that both plaintiff and Lakisha Tapscott were Staff Assistants at Grade level FR-35; otherwise denied.

133.  Admitted that both plaintiff and Nicole Addison-Waters were Staff Assistants at Grade level FR-35; otherwise denied.

134.  Denied.

135.  Defendant repleads the responses made above to paragraphs 1-134.

136.  Denied.

136.  Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second paragraph designated as "136."

137.  Denied.

138.  Denied.

Prayer For Relief.  No response is required, but plaintiff is not entitled to any relief.

Jury Demand. Defendant objects to plaintiff's jury demand as to Counts III and IV of the complaint, which allege violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., 29 U.S.C. § 633a and the Family Medical Leave Act.  Plaintiff, as a federal employee, is not entitled to a jury trial on her ADEA claims.  Lehman v. Nakshian, 453 U.S. 156, 168-69 (1981); Tomasello v. Rubin, 167 F. 3d 612, 619 (D.C. Cir. 1999).  Also, there is no waiver of sovereign immunity in regard to claims brought under the FLMA by federal government employees such as plaintiff with more than 12 months of service.

AFFIRMATIVE DEFENSES

First Affirmative Defense

      Plaintiff is barred by the terms of a Settlement Agreement from raising any allegation of discrimination which occurred before April 3, 2001.

Second Affirmative Defense

      Plaintiff's allegations of discrete discriminatory acts which occurred before September 2, 2006, are time barred because of plaintiff's failure to timely raise them with an EEO counselor.

Third Affirmative Defense

      Plaintiff's claim of retaliation (Count I) fails to state a claim on which relief may be granted.

Fourth Affirmative Defense

      Plaintiff's claim of race discrimination (Count II) fails to state a claim on which relief can be granted.

Fifth Affirmative Defense

      Plaintiff's claim of age discrimination (Count III) fails to state a claim on which relief may be granted.

Sixth Affirmative Defense

      Plaintiff's claim of violation of the FMLA is barred because there is no waiver of sovereign immunity.

DATED: May 8, 2007.

                    <u>s/ Katherine H. Wheatley</u>
                    Katherine H. Wheatley
                    (Bar No. 359037)
                    Associate General Counsel

                    John L. Kuray
                    Senior Counsel

                    Sara L. Stainback
                    Senior Attorney

                    Board of Governors of
                    the Federal Reserve System
                    20th & C Streets, N.W.
                    Washington, D.C. 20551
                    (202) 452-3779

                    Counsel for Defendant
                    Ben S. Bernanke, Chairman of the Board
                    of Governors of the Federal Reserve System